Matter of Attorneys In Violation of Judiciary Law § 468-a. (Brown) (2019 NY Slip Op 04081)





Matter of Attorneys In Violation of Judiciary Law § 468-a. (Brown)


2019 NY Slip Op 04081


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner;
JEFFREY R. BROWN, Respondent. 
(Attorney Registration No. 2940336)

Calendar Date: April 15, 2019

Before: Garry, P.J., Lynch, Aarons, Rumsey and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Jeffrey R. Brown, East Brunswick, New Jersey, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Per Curiam.
Respondent was admitted to practice by this Court in 1999, having previously been admitted in New Jersey in 1988. He lists a business address in East Brunswick, New Jersey with the Office of Court Administration.
By September 2009 order, this Court suspended respondent from the practice of law in New York for conduct prejudicial to the administration of justice arising from his noncompliance beginning in 2001 with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (Matter of Attorneys in Violation of Judiciary Law § 468, 65 AD3d 1447, 1452 [2009]; see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent now seeks his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). The Lawyers Fund for Client Protection indicates that it has no objection to respondent's application, and petitioner advises that it defers to the Court's discretion with respect to respondent's application.
In light of the length of his suspension, respondent properly submits a sworn form affidavit applicable to attorneys suspended for longer than six months (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; part 1240, appendix C; see e.g. Matter of Attorneys in Violation of Judiciary Law § 468-a [Freedman], 166 AD3d 1161 [2018]). Office of Court Administration records demonstrate that respondent has cured the delinquency that [*2]resulted in his suspension and that he is now current with his biennial registration requirements (see Judiciary Law § 468-a; Rules of the Chief Admin of Cts [22 NYCRR] § 118.1). Respondent has also submitted the required documentation in support of his application, including proof that he successfully completed the Multistate Professional Responsibility Examination, as is required for all attorneys seeking reinstatement following suspensions of six months or more (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [b]; compare Matter of Attorneys in Violation of Judiciary Law § 468-a [Castle], 161 AD3d 1443, 1444 [2018]). Moreover, having reviewed the submitted materials and respondent's affidavit, we are satisfied that he has sufficiently complied with the order of suspension and the rules of this Court, that he has the requisite character and fitness for the practice of law and that it would be in the public's interest to reinstate him to the practice of law in New York (see Matter of Attorneys in Violation of Judiciary Law § 468-a [Obele], 169 AD3d 1154, 1155 [2018]; Matter of Attorneys in Violation of Judiciary Law § 468-a [Ettelson], 161 AD3d 1478, 1480 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, we grant respondent's motion.
Garry, P.J., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.